UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62488-CIV-COHN/SELTZER

ROCKET REAL ESTATE, LLC, and
ERIC ROMANOW,

    Plaintiff,

vs.

LOURDES E. MAESTRES,

    Defendants.

_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendant's Motion to Compel the Person with the Most Knowledge, for Sanctions and for an Expedited Briefing [DE 77]. Defendant's motion arises from Defendant's attempt to take the deposition of Plaintiff Rocket Real Estate, LLC. Defendant is not satisfied with the witness who appeared on behalf of Rocket Real Estate, LLC, because that witness was not the "person with the most knowledge." Both Defendant and the witness agree that Plaintiff Eric Romanow is the "person with the most knowledge." However, that is the incorrect standard for a deposition of a corporate representative.

Depositions of a corporate entity are governed by Rule 30(b)(6), Federal Rules of Civil Procedure. After receiving a notice to take the deposition of a corporate representative, Rule 30(b)(6) requires the corporation to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . ." Fed. R. Civ. P. 30(b)(6). "The organization then must designate one or more of its

agents to testify. Id. The rule, however, does not permit the party issuing the notice to select who will testify on the organization's behalf . . . ." Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc., 939 F. Supp. 2d 422, 430 (S.D.N.Y. 2013) aff'd, 2 F. Supp. 3d 499 (S.D.N.Y. 2014).

Defendant's argument suggests a misunderstanding of a party's obligation to provide a Rule 30(b)(6) corporate designee who can "testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6) (emphasis added). At a Rule 30(b)(6) deposition, the designated witness "represents the corporation just as an individual represents him or herself at a deposition." United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996). The testimony elicited "represents the knowledge of the corporation, not of the individual deponents." Id; see also Calzaturfico v. Fabiano Shoe Co., 201 F.R.D. 33, 37 (D. Mass. 2001) (Rule 30(b)(6) designees "are required to testify to the knowledge of the corporation, not the individual") (emphasis in original) (quoting Poole ex rel. Elliot v. Textron, Inc., 192 F.R.D. 494, 504 (D. Md. 2000)).

It is "well-established that a 30(b)(6) deponent [has] an affirmative obligation to educate himself as to the matters regarding the corporation." Calzaturfico, 201 F.R.D. at 36. The court in Taylor, 166 F.R.D. 356, explained:

> If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to the designee or to matters in which that designee was personally involved.

2

Id. at 361 (citations omitted).  See also Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation."); Buycks-Roberson v. Citibank Fed. Sav. Bank, 162 F.R.D. 338, 342 (N.D. Ill. 1995) (duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which the designee was personally involved).

"Corporations . . . have a duty to make a conscientious, good faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."  Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000)(quoting Starlight Intern, Inc. v. Herlihy, 186 F.R.D. 626, 639 (D. Kan. 1999)); see also King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995)(Gonzalez, J.)("The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation."), aff'd 213 F.3d 646 (11th Cir. 2000).  A corporation's duty extends "beyond the mere act of presenting a human body to speak on the corporation's behalf. [It] has the additional duty to prepare the deponent[s] . . . so that they are able to give complete and knowledgeable answers."  Quantachrome Corp. v. Micromeritcs Instruments Corp., 189 F.R.D. 697, 699 (S.D. Fla. 1999)(Gonzalez, J.).

In this case, defense counsel limited his inquiry of Plaintiff's 30(b)(6) representative to whether he was the person with the "most" knowledge.  Defense counsel never asked,

let alone  established, the extent of the representative's knowledge.  More pertinent, defense counsel never established that the representative was unable to provide full and unevasive responses to the matters set forth in his deposition notice.  Instead – and at his own risk – defense counsel chose to terminate the Rule 30(b)(6) deposition before asking the representative any substantive questions.  Defendant, therefore, cannot show that Rocket Real Estate, LLC breached its "duty to make a conscientious, good faith effort to designate knowledgeable persons for Rule 30(b)(6) deposition and to prepare them to fully and unevasively answer questions about the designated subject matter."  Prokosch, 193 F.R.D. at 638 (citations and internal quotations omitted).   For this reason, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel the Person with the Most Knowledge, for Sanctions and for an Expedited Briefing [DE 77] is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of March, 2016.

_____
BARRY S. SELTZER
United States Magistrate Judge