UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62488-CIV-COHN/SELTZER

ROCKET REAL ESTATE, LLC, and
ERIC ROMANOW,

    Plaintiff,

vs.

LOURDES E. MAESTRES,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Defendant's Motion to Compel Discovery and Compliance with This Court's Order, to Overrule the Untimely Objections, and to Strike Plaintiff's Response to Certain Request for Admissions [DE 161]. The Court previously entered a Paperless Order [DE 162] limiting the scope of the motion to three issues: Defendant's request to compel Plaintiff to produce his iPad for inspection by an IT expert; the requested entry of an Order authorizing Google to inspect and produce documents related to the e-mail accounts at issue in this litigation; and Plaintiffs' Response to Defendant's Requests for Admissions.

    1.    <u>Inspection of Plaintiff's iPad</u>

Defendant seeks an order compelling Plaintiff to produce his iPad for inspection by a technology expert, in order to extract metadata from a document that was produced in discovery. Defendant suspects that Plaintiff created and modified the document in question after this litigation commenced, and thus wants to review the metadata from the

document in its original format.  Defendant also seeks to inspect the iPad to locate certain e-mails relating to the password changes made to Plaintiffs' accounts.

This request will be denied for several reasons.  First, Defendant has never made a request for inspection of the iPad under Fed. R. Civ. P. 34 and cannot obtain an inspection by filing a motion to compel what was not requested.  Second, to the extent the request for inspection of the iPad is an attempt to obtain what had previously been requested, Defendant's Motion to Compel is well outside the 30-day time limit for filing a discovery motion.  See Local Rule 26.1(g)(1)("Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.").  "This Rule was designed to prompt early resolution of discovery disputes and 'to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial.'"  Poe v. Carnival Corp., 2007 U.S. Dist. LEXIS 4627, at *5 (S.D. Fla. Jan 23, 2007) (Torres, M.J.) (quoting 1998 Comments, S.D. Fla. L.R. 26.1); see also Muzaffar v. Ross Dress for Less, Inc., 2013 WL 5311233, at *1 (S.D. Fla. Sept. 23, 2013) (Snow, M.J) ("Local Rule 26.1([g])(1) reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve among themselves.") (omitting internal quotation marks and citation); Manno v. Healthcare Revenue Recovery Group, LLC, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012) (Rosenbaum, M.J.) (Local Rule 26.1([g])(1) "sets forth a specific period within which discovery motions must be filed.  Defining that period as 'thirty days' rather than . . . the less precise 'a reasonable time' reflects the judgment of the District that the filing period should not extend beyond thirty

days.  Thus, the Rule has the benefit of making clear precisely when discovery motions must be filed.").

The documents in question were requested (and produced/not produced) at least six months ago, and Plaintiff was questioned about them in April 2016.  As such, Defendant's motion is untimely.  In addition, the time for expert disclosure has long passed.  See Fed. R. Civ. P. 26(a)(2)(D).  Finally, the Court finds that the scope of the relief requested is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

  2. Discovery from Google

Defendant has sought throughout this litigation a copy of certain e-mails relating to an e-mail password change purportedly made on October 29, 2015.  Defendant has sought a copy of the e-mails from Plaintiff and from Google, Inc. but, to date, the documents have not been produced.   Defendant moves to compel production of the emails from Plaintiffs and from Google.   Although Google has objected to producing a copy of the e-mails (assuming they exist) [DE 163], Google has advised the Court that it would produce the e-mails "to the extent they exist and are reasonably available pursuant to its standard agreed order." [DE 163 and 163-1].  The proposed order requires the agreement of the parties and certain findings of fact by the Court.

Plaintiffs have given their consent to the entry of Google's proposed agreed order.[1] Defendant, however, asserts that modifications to the order need to be made and represents that counsel for Google has agreed to certain changes to the form of the Order. See , [DE 168, p.6]. Defendant has advised that the modifications are awaiting Plaintiffs' approval. [DE 176]. The Court will enter the revised proposed agreed order when it is submitted.

### 3. Requests for Admissions

Federal Rule 36 governs requests for admissions; the Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." Perez v. Miami-Dade County, 297 F.3d 1255, 1268 (11th Cir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994)); see also Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("An important purpose of the rule is to reduce the cost of litigation by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed facts.") (internal citations omitted). Rule 36(a) permits a party to serve on another party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule

---

[1] "To settle this issue once and for all, Plaintiffs do not object to the production by Google of any emails sent by Google on October 29, 2015 to two Gmail accounts that belong to Eric Romanow, one to Mr. Romanow personally, and another to his company, Rocket Real Estate, LLC, provided that Defendant be required to provide full and complete copies of those documents to Plaintiff upon her receipt from Google." [DE 167].

36(a) also affords the responding party limited options for answering a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  A responding party may also object to a request for admission, but not "solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).  A matter admitted under Rule 36 is deemed "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Additionally, Rule 36 expressly permits the requesting party to move a court to determine the sufficiency of an answer or objection to a request for admission.  Fed. R. Civ. P. 36(a)(6).  If the court finds that an answer does not comply with the Rule, it "may order either that the matter is admitted or that an amended answer be served."  Id.  Where the court finds that an objection is not justified, it "must order that an answer be served."  Id.

Defendant seeks an order declaring that Plaintiffs have waived their objections to Requests for Admission served by Defendant because Plaintiffs' response to the Requests for Admission was served three weeks after they were due.  Plaintiffs contend that their counsel had requested, and had obtained from Defendant's counsel, an extension of time

to respond to the Requests for Admission. Defendant denies that any such request was made or granted and notes that Plaintiff has not introduced any written confirmation of such an agreement. Given the preference of the Court to decide factual issues on their merits and the fact that a three-week extension of time would not have been prejudicial to Defendant, the Court declines to find that Plaintiffs waived their objections to Defendant's Requests for Admissions.

In addition to seeking a waiver of objections, Defendant has broadly addressed Plaintiffs' objections and asks that they be overruled. However, Defendant's motion is not in the format required by the Local Rules:

> (2) *Motions to Compel*. Except for motions grounded upon complete failure to respond . . . motions to compel discovery . . . shall, for each separate . . . request for admission . . . state (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession to enable the Court to rule separately on each individual item in the motion.

Local Rule 26.1(g)(2). Defendant has completely failed to address the specific requests for admission in an organized fashion as required by the Local Rules. Instead, Defendant would have the Court comb through each and every response to flag those responses that are inadequate.[2] To compound matters, Plaintiffs' memorandum in opposition [DE 167]

---

[2] For example, Defendant states: "Plaintiffs are required to answer each specific request without referring to other requests for the answer (see response to number 22 and 70, referring to the response to number 69 and number 28 referring to the response to number 27)." [DE 161 ¶ 26]. Or, "Plaintiffs also improperly denied the request with a qualification 'as characterized.' (see, for example, responses to requests numbered 33, 34, 38, 41, and 43). This too is improper. Maestres request [sic] that Plaintiffs' extraneous statements be stricken." [DE 161 ¶ 27].

sets forth revisions to Plaintiffs' responses to certain Requests for Admissions, so that the Court cannot without great effort determine which responses are still objectionable.

"Local rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Levin v. Nationwide Home Loans, Inc., 2014 WL 11531634, at *1 (S.D. Fla. Mar. 14, 2014)(Rosenbaum, J.)(quoting Reese v. Herbert, 527 F.3d 1253, 1267-68 (11th Cir. 2008)). These rules, including Local Rule 26.1(g)(2), make the parties organize the issues "rather than leaving the burden upon" the Court. Id. Accordingly, the Court will deny without prejudice the Motion to Compel addressed to Defendant's Request for Admissions. After reviewing Plaintiffs' revised responses, Defendant may, if she desires, submit a Renewed Motion to Compel Better Responses to Requests for Admissions consistent with the issues raised in this Order.

Accordingly, in light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1)  Defendant's Motion to Compel Production of Plaintiffs' iPad is **DENIED.**

(2)  Defendant's Motion to Compel Production of the October 29, 2015 e-mails is **GRANTED IN PART AND DENIED IN PART**. The Court will enter a separate Agreed Order in the form submitted by Google, Inc., as revised. The parties shall submit a revised Proposed Agreed Order to the Court no later than 3 p.m., August 25, 2016. Any other information requested from Google, Inc. is **DENIED.**

 (3) Defendant's Motion to Compel addressed to Requests for Admissions is **DENIED WITHOUT PREJUDICE.** After reviewing Plaintiffs' revised responses, Defendant may, if she desires, submit a Renewed Motion to Compel Better Responses to Requests for Admissions consistent with the issues raised in this Order and in the format required by the Local Rules. Such motion shall be filed no later than noon, Friday, August 26, 2016. Plaintiff's Response will be due no later than 3 p.m., Monday, August 29, 2016. No reply memorandum will be filed.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of August, 2016.

*[signature]*
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF