UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62488-CIV-COHN/SELTZER

ROCKET REAL ESTATE, LLC, and
ERIC ROMANOW,

    Plaintiff,

vs.

LOURDES E. MAESTRES,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon [DE 217] Defendant's Motion to Compel, to Overrule Objections, and to Provide Complete and Responsive Answers to Interrogatories. The Court has reviewed the motion, the discovery requests and responses thereto, as well as Plaintiffs' Omnibus Response [DE 223] to several pending motions, including the present Motion to Compel.

Discovery in this case has been hard-fought and some background into the various discovery disputes is necessary. In February 2016, the Court held a hearing on disputes over discovery requests served by Defendant in December, 2015. At the time of that hearing, Defendant had not filed an answer, affirmative defenses or a counterclaim, and the Court expressly limited discovery to matters relevant to issues raised in Plaintffs' Complaint. [DE 45]. Since that date, all pleadings have been filed, and certain of Plaintiffs' claims have been dismissed. All issues are now before the Court and the scope of discovery is governed under Rule 26(b)(1), Federal Rules of Civil Procedure:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Thus, the relevancy of Defendant's discovery requests will be determined according to the claims and defenses and the proportionality to the needs of the case.

The timing of discovery and of Defendant's motion raises additional issues. At issue are a second Request for Production that was served upon Plaintiffs on February 18, 2016[1], as well as a "Second" Request for Production and Interrogatories that were served upon Plaintiffs on July 22, 2016. Discovery in this case closed on August 23, 2016, although the District Judge extended discovery until August 31, 2016 [DE 175], to allow the parties to comply with a forthcoming order on a then-pending Motion to Compel.

The first issue before the Court is whether Defendant's Motion to Compel is timely. As it relates to the discovery served on July 22, 2016, the Motion to Compel was timely filed. However, as it relates to the Request to Produce served on February 18, 2016, the Motion to Compel is well beyond the 30-day time limitation imposed by the Local Rules. See Local Rule 26.1(g)(1)("Failure to file a discovery motion within thirty (30) days, absent

---

[1] Defendant served a Second Request for Documents to Plaintiffs [DE 197-5] on February 18, 2016 and a Third Request for Documents to Plaintiffs [DE 197-6] on February 19, 2016. Another "Second" Request for Documents to the Plaintiff [DE 197-7] was served on July 22, 2016, and was actually a fourth request for production.

2

a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought."). "This Rule was designed to prompt early resolution of discovery disputes and 'to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial.'" Poe v. Carnival Corp., 2007 U.S. Dist. LEXIS 4627, at *5 (S.D. Fla. Jan 23, 2007) (Torres, M.J.) (quoting 1998 Comments, S.D. Fla. L.R. 26.1); Manno v. Healthcare Revenue Recovery Group, LLC, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012) (Rosenbaum, M.J.) (Local Rule 26.1([g])(1) "sets forth a specific period within which discovery motions must be filed. Defining that period as 'thirty days' rather than . . . the less precise 'a reasonable time' reflects the judgment of the District that the filing period should not extend beyond thirty days. Thus, the Rule has the benefit of making clear precisely when discovery motions must be filed.").

The 30-day limitation period for discovery motions may, however, be extended when a party makes a reasonable showing for a later filing. Local Rule 26.1(g). Defendant explains that the parties agreed amongst themselves to defer filing discovery motions until mediation was concluded [DE 217, p. 2, n. 2]. Although mediation occurred in July 2016, Defendant contends that Plaintiffs' counsel was not available to confer until August 31, 2016, and after that defense counsel was occupied drafting Defendant's Motion for Summary Judgment; thus, the Motion to Compel better responses to the February 2016 discovery request was not filed until September 8, 2016. Id.

Ordinarily, such a delay in filing a motion to compel would result in denial of the motion. Indeed, the Court previously denied a motion to compel filed by Defendant because the relief requested was outside the 30-day limitation period in Local Rule 26.1(g). See, Order dated August 24, 2016 [DE 181]. However, Defendant's present motion seeks

relief that is both timely and untimely under Local Rule 26.1(g).  To the extent that at least part of Defendant's motion is timely, the harm that Local Rule 26.1(g) attempts to remedy – last minute discovery motions filed on the eve of trial – cannot be avoided.  In addition, Plaintiffs have not objected to those portions of the Motion to Compel that are untimely. Accordingly, the Court will address Defendant's Motion to Compel in its entirety.

Plaintiffs did file a response to the Motion to Compel in the form of an Omnibus Response to Objection to Rule 45, Rule to Show Cause and Motion to Compel [DE 223]. However, Plaintiffs' response is in reality, a request for an order re-opening discovery for a period of time to allow the parties to conduct ESI discovery in accordance with the protocols recommended by the Sedona conference.  Such a request is  properly addressed in the form of a motion seeking relief. Fed. R. Civ. P. 7(b)("A request for a court order must be made by motion."). In all other respects,  Plaintiffs have not addressed the merits of Defendant's Motion to Compel. Nevertheless, the Court has reviewed each of the objections raised by Plaintiffs as set forth in the Motion to Compel.   The Court will address the discovery requests and objections in the manner grouped by Defendant.

1.  Documents Related to Punitive Damages and the Existence of a Partnership.

Punitive damages are pled against Eric Romanow.  Accordingly, discovery into financial records that would tend to show Eric Romanow's current net worth are relevant. See Porter v. Ogden, Newell & Welch, 241 F.3d 1334 (11th Cir. 2001); Black v. Kerzner Int'l Holdings, Ltd., et al., 2013 WL 11971270, at * 3 (S.D. Fla. May 20, 2013)(only current financial documents are relevant to a claim for punitive damages). Financial discovery into the net worth of Plaintiff Rocket Real Estate LLC is not relevant to the issue of punitive damages and will not be ordered.  Accordingly, Plaintiffs' objections are **OVERRULED** as

follows: (1) Second Request for Production served February 18, 2016, numbers 1 and 7. (2) Second ("Fourth") Request to Produce served July 22, 2016, Nos. 1, 7 (tax year 2014 and 2015 only); 8 (2014 and 2015 only); 9 (2015 and 2016 only); 11, 12, 13, 14.  As to any documents to which Plaintiffs claim a privilege and which are not included in the privilege log recently ordered [DE 222], Plaintiffs shall submit a proper and complete privilege log. Plaintiffs' objections to Requests to Produce Nos. 6 and 15 of the Second ("Fourth") Request for Production served July 22, 2016, are **SUSTAINED** as overly broad and not relevant or proportional to the needs of the case.

    2.    <u>The Emails Purportedly Accessed by Ms. Maestres.</u>

Plaintiffs' objections to Requests to Produce Nos. 12, 15, 32, 33, 34, and 35 from Defendant's Second Request served on February 18, 2016 are **OVERRULED.**  As to any documents to which Plaintiffs claim a privilege and which are not included in the privilege log recently ordered [DE 222], Plaintiffs shall submit a proper and complete privilege log. Plaintiffs' objections to Requests to Produce Nos. 20, 21, 28, and 29 from Defendant's Second Request served on February 18, 2016 are **SUSTAINED** as overly broad and not relevant or proportional to the needs of the case.  Plaintiffs' objections to Requests to Produce Nos. 1, 2, 4, and 5 from Defendant's Second (Fourth) Request for Production of Documents served July 22, 2016 are **OVERRULED**.  As to any documents to which Plaintiffs claim a privilege and which are not included in the privilege log recently ordered [DE 222], Plaintiffs shall submit a proper and complete privilege log.

5

### 3. Request for Documents Relating to Statements Made by Witnesses

Defendant's Third Request for Production of Documents Nos. 8, 9, and 10, served February 18, 2016, requested copies of documents relating to statements made by witnesses. Plaintiffs responded to Nos. 8 and 10 that "[a]ll responsive documents will be produced." As to No. 9, Plaintiffs objected on the grounds of attorney-client and work product privileges. According to Defendant, no documents responsive to these requests have been produced, and Plaintiffs do not argue to the contrary. Therefore, Defendant's Motion to Compel responses to the Third Request to Produce Nos. 8, 9, and 10 is **GRANTED.** As to any documents to which Plaintiffs claim a privilege, Plaintiffs shall submit a proper and complete privilege log.

### 4. Plaintiffs' Answers to Interrogatories

Defendant seeks an order compelling better responses to Defendant's Second Set of Interrogatories served July 22, 2016, numbers 4, 5, 6, 7, 8, and 9. The Court agrees that Plaintiffs' answers as set forth in the motion are incomplete. Accordingly, the Motion to Compel better answers to interrogatory numbers 4, 5, 6, 7, 8, and 9 is **GRANTED.**

In light of the forgoing discussion, it is hereby

**ORDERED AND ADJUDGED** that [DE 217] Defendant's Motion to Compel, to Overrule the Objections, and to Provide Complete and Responsive Answers to Interrogatories is **GRANTED IN PART AND DENIED IN PART** as set forth above.

Plaintiffs will provide those matters ordered to be produced, including a privilege log, within ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of September, 2015.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF