UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62488-CIV-COHN/SELTZER

ROCKET REAL ESTATE, LLC, and
ERIC ROMANOW,

      Plaintiff,

vs.

LOURDES E. MAESTRES,

      Defendants.

_____/

## ORDER

**THIS CAUSE** has come before the Court upon [DE 253] and [DE 254] Motions to Bifurcate Issues Relating to Defendant's Motion for Attorney's Fees, Request for Extension of Time, and Request for an Evidentiary Hearing and Oral Argument.  The motions were filed respectively by Plaintiffs' former counsel, Joseph E. Altschul, and by Plaintiffs and Plaintiffs' current counsel, Bruce L. Udolf, Esq. and Bruce L. Udolf, PA.  The motions are essentially identical and will, therefore, be addressed collectively and referred to as "Plaintiffs' Motions."

Defendant's Verified Motion for Award of Attorney's Fees [DE 249] is, in reality, a motion for sanctions pursuant to Rule 11, Federal Rules of Civil Procedure and the court's inherent power to sanction parties for committing fraud on the court.  Defendant asserts three grounds for sanctions: (1) Plaintiffs' allegations of damages under the Stored Communications Act, 18 U.S.C. § 2701 et seq., lacked any reasonable legal or factual basis in violation of Rule 11; (2) Plaintiffs' allegations that Defendant illegally accessed an electronic service provider's facility lacked any reasonable legal or factual basis in violation

of Rule 11; and (3) Eric Romanow committed fraud on the court by pursuing his SCA claim against Defendant while allegedly knowing (and concealing) that Defendant had access to emails on her phone through the email account itself, and not through accessing a facility.

Consideration of whether sanctions are warranted will be strictly limited to the issues as set forth above.  In addition, Plaintiffs anticipate raising procedural defenses to the sanctions motion.  The Court will, of course, consider the procedural defenses. However, the Court finds that bifurcation is not necessary.  "The party seeking bifurcation 'bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties.'"  Brown v. Toscano, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008) (quoting  Innovative Office Prods. v. Spaceco, Inc., 2006 WL 1340865, at *1 (E.D.Pa. 2006)).  The Court finds that none of these goals will be served by bifurcation.  For this reason, the Motions to Bifurcate will be denied.[1]

In a prior Order [DE 257], the Court granted Plaintiffs' Request for an Extension of Time to Respond to the Verified Motion for Attorney's Fees and noted that a briefing schedule would be set once the Motion to Bifurcate was resolved.  The Motion to Bifurcate having been denied, the Court will adopt a briefing schedule for the response and reply memoranda.

Plaintiffs request an evidentiary hearing and oral argument on the Verified Motion for Attorney's Fees.  Upon receipt and review of the response and reply memoranda, the

---

[1] Plaintiffs also seek leave to take discovery concerning the amount of attorney's fees Defendant has actually paid. The Court will defer ruling on this request until after the Court determines whether or not sanctions will be imposed.

Court will determine whether an evidentiary hearing and/or oral argument is necessary. At this time, however, the request for an evidentiary hearing and oral argument is denied.

In light of the foregoing discussion, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Plaintiffs' Motions to Bifurcate [DE 253] and [DE 254] are **DENIED.**

2.    Plaintiffs' Motions for Enlargement of Time [DE 253] and [DE 254] are **GRANTED.**  In light of Plaintiffs' counsel's medical condition, Plaintiffs' responses to the Verified Motion for Attorney's Fees will be due on or before January 20, 2017.  Defendant's reply memorandum will be due on or before January 30, 2017.  Further enlargements of time will be granted only upon a showing of good cause.

3.    Plaintiffs' request for an evidentiary hearing and oral argument is **DENIED WITHOUT PREJUDICE.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of December, 2016.

BARRY S. SELTZER
United States Magistrate Judge

copies furnished counsel via CM/ECF