UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62488-CIV-COHN/SELTZER

ROCKET REAL ESTATE, LLC, and
ERIC ROMANOW,

      Plaintiffs,

vs.

LOURDES E. MAESTRES,

      Defendant.

_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Renewed Verified Motions for Sanctions and Attorney's Fees (DE [343] and [347]) filed by Plaintiff's counsel, Joseph E. Altschul, and by Plaintiff Eric Romanow, respectively. The parties have fully briefed the issues and the motions are now ripe for review. The motions were referred to the undersigned for appropriate disposition pursuant to 28 U.S.C. § 636 (DE [348]).[1] The Motions seek sanctions against Defendant and her counsel for having filed an allegedly frivolous Motion for Award of Attorney's Fees (DE [248]).

---

[1] "A magistrate judge is authorized to enter a sanctions order, rather than a report and recommendations, when confronted with a sanctions motion seeking only attorney's fees and costs after the district court judge already entered judgment or dismissed the case." Taverna Imports, Inc. v. A & M Wine & Spirits, Inc., 2018 WL 3611405, at *11 (S.D. Fla. July 27, 2018) (citing Maisonville v. F2 Am., Inc., 902 F.2d 746, 747 (9th Cir. 1990) (finding that Rule 11 sanctions are non-dispositive matters "properly ordered by the magistrate and reviewed by the district court for clear error")); see also Collar v. Abalux, Inc., 2018 WL 3328682, at *14 (S.D. Fla. July 5, 2018) (magistrate judge has authority to issue order on motion for Rule 11 sanctions).

By way of background, the Court granted summary judgment in favor of Defendant on the ground that Plaintiff had failed to provide any evidence of damages under the Stored Communications Act (DE [242]). The Court relied upon the Eleventh Circuit's opinion in Vista Mktg., LLC v. Burkett, 812 F.3d 954 (11th Cir. 2016), which held that statutory damages were not recoverable under the Stored Communications Act "in the absence of an award for actual damages or profits realized by the offender." Id. at 971. Significantly, neither Plaintiff nor Defendant raised or addressed the Vista case in their summary judgment briefs.

Defendant filed her Verified Motion for Award of Attorney's Fees (DE 249]) shortly after the Court entered Final Judgment (DE [243]) in her favor. Defendant sought fees pursuant to Rule 11, Federal Rules of Civil Procedure, and the Court's inherent powers, on the grounds that Plaintiff and his attorney (1) had neither a plausible theory nor evidence of damages, but had nevertheless pled damages; (2) had no evidentiary support for the claim that Defendant "accessed a facility" to intercept Plaintiff's emails; and (3) had offered allegedly perjured testimony from Plaintiff.

The Court denied Defendant's sanctions motion[2] on the ground that Defendant had not complied with the safe-harbor provisions of Rule 11(c). More specifically, the Court found that the two pre-filing Rule 11 motions served on Plaintiffs listed "in shotgun fashion" numerous reasons for imposing sanctions and did "not focus on the grounds raised" in the motion which was ultimately filed with the Court (DE [301]). The Court also addressed the merits of the motion and rejected Defendant's argument that the Complaint

---

[2] The undersigned entered a Report and Recommendation (DE [301]) that the District Court adopted in its entirety (DE [313]).

lacked factual support. Noting the disagreement among the courts as to the definition of a "facility" under the Stored Communications Act, the Court rejected Defendant's contention that Plaintiff had no evidentiary support that Defendant "accessed a facility" to intercept Plaintiff's emails (DE [301]). Additionally, the Court concluded that because the Vista case had not been decided at the time Plaintiffs filed their Complaint, Plaintiffs' claims for statutory damages under the SCA were not in bad faith or without legal merit (DE [301]). Thus, the Court denied Defendant's request for sanctions. (DE [313]).[3] And although Rule 11 authorizes the court to award fees to the prevailing party if warranted, Fed. R. Civ. P. 11(c)(2), the Court did not include an award of fees in its Order (DE [313]).

Defendant appealed and the Eleventh Circuit affirmed (DE [342]), "for substantially the reasons" provided by this Court. The Eleventh Circuit also denied Altschul's Motion for Attorney's Fees Pursuant to Rule 38, FRAP[4] (DE [357-2]), for filing a frivolous appeal. Plaintiffs and Altschul now ask this Court to award them attorney's fees for the cost of defending Defendant's Verified Motion for Attorney's Fees from the date of its filing through the appeal.

"Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose. Fed. R. Civ. P. 11(b)(1). '[T]he filing of a motion for sanctions is itself

---

[3] Defendant did not prevail on her motion for attorney's fees, yet her motion did not completely lack merit. Although the Vista case had not been decided prior to Plaintiffs' filing the Complaint, it had been decided prior to Plaintiffs' filing a response to Defendant's motion for summary judgment. Plaintiffs, however, failed to address or acknowledge this adverse, binding, and controlling precedent in their response to the summary judgment motion, even though the issue of lack of damages had been raised (DE [235]).

[4] Fed. R. App. P. 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Altschul's motion under Rule 38 addressed in large part the same matters addressed in this instant motion.

subject to the requirements of the rule and can lead to sanctions.'" Smith v. Psychiatric Sols., Inc., 750 F.3d 1253, 1260 (11th Cir. 2014) (quoting Fed. R. Civ. P. 11 advisory committee's notes).  The filing of a motion is not necessary, however, as Rule 11(c)(2) grants the court power to award attorney's fees if warranted to "a party that successfully opposes a Rule 11 sanctions motion."  Id. at 1260.  Despite being fully aware of the history of the litigation, the ongoing acrimony between the parties and the attorneys, and the grounds (or lack thereof) for Defendant's motion, the Court did not find an award of fees to Plaintiffs and to Altschul warranted under Rule 11(c)(2) when it denied Defendant's motion.  Similarly, the Court does not find adequate grounds to award Plaintiff and attorney Altschul their fees at this juncture.  Furthermore, as the Eleventh Circuit so appropriately stated, "enough is enough."  (DE [342], p. 4).  Accordingly, it is hereby

      **ORDERED AND ADJUDGED** that the Renewed Verified Motions for Sanctions and Attorney's Fees (DE [343] and [347]) filed by attorney Joseph Altschul and by Plaintiff Eric Romanow are **DENIED.**

      **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of December 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF